# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mary Collia,**
**Plaintiff Below, Petitioner**

**FILED**

July 8, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 12-0956** (Kanawha County 10-C-1672)

**David Grubb,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mary Collia, *pro se*, appeals the order of the Circuit Court of Kanawha County, entered June 26, 2012, granting summary judgment against her, as well as a dismissal pursuant to Rule 41(b) of the Rules of Civil Procedure. Respondent David Grubb, by counsel Kristina Thomas Whiteaker, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court dismisses petitioner's appeal because her notice of appeal was untimely filed. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner owns property at 1326 Virginia Street, East, in Charleston, West Virginia. Respondent is petitioner's next door neighbor, owning property at 1324 Virginia Street, East. Before ownership passed to respondent, his father Dr. George Grubb renovated that property in or about 1980. The circuit court found that "[Dr. Grubb's] renovation was approved by the City of Charleston, and the contractor obtained all necessary permits."

In 1986, petitioner filed a complaint against the City of Charleston with the West Virginia Public Service Commission ("PSC") alleging that the City had permitted Dr. Grubb to tap into petitioner's sewer line. On March 19, 1987, a hearing examiner ruled in the City's favor finding that "[petitioner]'s claim was essentially a property dispute and outside the [PSC]'s jurisdiction, and the permitting and construction of the original line predates . . . requirements that each property be served by a separate line."[1] In other words, the properties at 1326 and 1324 Virginia Street, East, share a "common" sewer line which was permitted under regulations in effect at the time of the line's installation.

---

[1] The hearing examiner's decision was subsequently affirmed by the PSC by an order dated August 5, 1987.

On June 1, 2010, petitioner filed with the PSC essentially the same complaint against the City of Charleston Sanitary Board. The Sanitary Board responded by asserting that no sewer service was being provided at 1326 Virginia Street, East, because "the residence has long been unoccupied and in such a state of disrepair that it is uninhabitable"[2] and that petitioner's complaint was barred by the doctrine of res judicata. By an order dated August 6, 2010, the PSC dismissed petitioner's complaint ruling that "[t]he issues presented by [petitioner] were decided in *Phillip J. Collia and Mary Angelina Collia v. City of Charleston*, Case No. 86-481-S-C (Final Order, March 19, 1987[, PSC] Order Affirming August 5, 1987), therefore it is reasonable for the [PSC] to dismiss this complaint."

Shortly after the dismissal of her 2010 PSC complaint, on September 17, 2010, petitioner filed a civil action against respondent, the present owner of the adjacent property. Petitioner asserted that there was an impermissible tap into her sewer line and that the increased sewerage has backed up, causing strong odors, because the line was meant to serve only one residence. As a result, petitioner asserted that she cannot live in her home and that the property has suffered devaluation.

Respondent denied tapping into petitioner's sewer noting that the properties share a common sewer line "that [respondent] has not altered in any way since assuming ownership of [1324 Virginia Street, East], in the mid-1990s." Respondent stated that petitioner's property has been abandoned since 1985 and that petitioner's property is devaluing *his* property.

On April 8, 2011, respondent filed a motion to dismiss, or in the alternative, a motion for summary judgment. On May 18, 2012, the circuit court noticed a hearing on respondent's motion to dismiss, or in the alternative, motion for summary judgment for June 26, 2012. The notice to petitioner was mailed to 1326 Virginia Street, East. However, on March 21, 2012, petitioner sent a notice to the circuit court that "I don't live at 1326 Virginia St[reet,] East," because of "fumes and oders."

Petitioner did not appear for the June 26, 2012 hearing. The circuit court granted respondent summary judgment on petitioner's claims on the basis of the doctrine of laches and that petitioner failed to comply with the applicable statute of limitations. The circuit court ruled, in pertinent part, as follows:

> 18.     [Respondent] states that the conduct about which [petitioner] now complains occurred more than thirty years ago. [Respondent] states that this delay has prejudiced him in several respects. First, he was not the owner of the property [at 1324 Virginia Street, East,] at the time of the renovations forming the basis of [petitioner]'s Complaint. Second, many potential witnesses

---

[2] According to petitioner's complaint in her 1986 PSC case, 1326 Virginia Street, East, has been uninhabitable since March 19, 1985.

are no longer available. Third, relevant documentation has been discarded. Finally, damages could have been more easily mitigated at the time of the alleged misconduct rather than thirty years later.

19. [. . .] Accordingly, this Court finds that laches bars [petitioner]'s claims for equitable relief, including the injunction she seeks.

\* \* \*

23. As detailed in Exhibit A, [petitioner] was aware of the conduct giving rise her present allegations in the 1980s. Nonetheless, the instant action was not filed until 2010. Accordingly, [petitioner]'s trespass and nuisance claims are unquestionably barred by the two[-]year statute of limitations set forth in West Virginia Code § 55-2-12[(a)].

The circuit court also granted respondent a dismissal pursuant to Rule 41(b) of the Rules of Civil Procedure which provides, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." The circuit court's June 26, 2012 order lists a number of proceedings at which petitioner failed to appear, including her failure to appear for her March 17, 2011 deposition and her failure to attend court-ordered mediation on April 7, 2011.

Petitioner filed her appeal of the circuit court's June 26, 2012 order on August 20, 2012. Therefore, petitioner's notice of appeal was untimely filed. *See* Rule 5(b), W.V.R.A.P. This Court's scheduling order directed petitioner to show good cause for the untimely notice by September 28, 2012. On September 25, 2012, petitioner explained that she had to go to the circuit clerk's office to retrieve a copy of the circuit court's order. At the same time, petitioner indicated that "I was not notified [of the June 26, 2012 hearing]." In his response to petitioner's appeal, respondent argues, inter alia, that it should be dismissed as untimely because petitioner's explanation failed to demonstrate good cause for the untimely notice.

"If a party fails to comply with a scheduling order the Court may impose sanctions, *or dismiss the appeal*, or both." Rule 5(e), W.V.R.A.P. (emphasis added). The record reflects that petitioner was mailed a copy of the June 26, 2012 order at her present address of 1334 Virginia Street, East. The record further reflects that petitioner refused receipt of the mailing. Therefore, petitioner's explanation that she needed to retrieve a copy of the circuit court's order from the clerk's office is insufficient to satisfy the scheduling order's requirement that she show good cause for the untimely notice of appeal. After careful consideration, this Court dismisses petitioner's appeal.

The Court further notes that even if petitioner received notice of the June 26, 2012, hearing and made an appearance, the outcome would not have been different. Confusion over whether

petitioner still lived at 1326 Virginia Street, East, might explain the numerous failures to appear the circuit court cited in granting respondent a Rule 41(b) dismissal.[3] However, the circuit court's determination that petitioner's civil action was barred by the doctrine of laches and the applicable statute of limitations is unassailable.

Taken as a whole, the record could not lead a rational trier of fact to any other conclusion. In 1987, a hearing examiner ruled that the PSC did not have jurisdiction and indicated that the matter was a property dispute between neighbors. Petitioner did not file her civil action against her neighbor—or, more accurately, her neighbor's successor-in-interest—until 2010. Therefore, this Court finds that even if petitioner demonstrated good cause for the untimely filing of her notice of appeal and obtained a reversal of the June 26, 2012 order on ground that she did not receive notice of the hearing before the circuit court, the ultimate disposition of the case upon any remand would be the same as it is now. Because of both the clear lack of merit to petitioner's claim and the fact that she did not show good cause as required by the scheduling order, this Court concludes that it is not inequitable to dismiss petitioner's appeal pursuant to Rule 5(e) of the Rules of Appellate Procedure.

For the foregoing reasons, we dismiss petitioner's appeal.

Dismissed.

**ISSUED:**   July 8, 2013

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**

---

[3] Petitioner had at least some ability to receive mail at 1326 Virginia Street, East, as evidenced by the attachments to her March 21, 2012 notice. The attachments reflect that petitioner knew to send the notice that she no longer lived at 1326 Virginia Street, East, after receiving a copy of a prior order at that address.